IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTURO SANCHEZ HERNANDEZ,

    Plaintiff,

v.

KIMPTON HOTEL AND RESTAURANT GROUP LLC, ET AL.,

    Defendants.

No. C 11-05532 CRB

**ORDER DENYING PETITION TO COMPEL ARBITRATION**

    Defendants have petitioned to compel arbitration in this case. Dkt. 20. The Court determines that "arbitration agreements are still subject to unconscionability analysis" after the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011). Kanbar v. O'Melveny & Meyers, — F. Supp. 2d —, 2011 WL 2940690, at *6 (N.D. Cal. July 21, 2011). In order for a court to refuse to enforce an arbitration agreement it must have elements of both procedural and substantive unconscionability. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2000). The Court finds the agreement to be procedurally unconscionable. See Kanbar, 2011 WL 2940690, at *7; Laughlin v. VMware, Inc., No. 11-530, 2012 WL 298230, at *3 (N.D. Cal. Feb. 1, 2012). The Court finds the provision of the agreement limiting the initiation of action to within one year of the time the claim accrues, and the provision requiring each party to bear the costs of its own representation to be clearly substantively unconscionable; and others, including the provision regarding which party must bear what costs of the arbitration, the failure to attach

the relevant rules and the confusion over which rules apply, and the issues regarding mutuality, to be, at the very least ambiguous. See, e.g., Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 894-95 (9th Cir. 2002); Jackson v. S.A.W. Ent. Ltd., 629 F. Supp. 2d 1018, 1028-29 (N.D. Cal. 2009); Graham Oil Co. v. ARCO Prods. Co., 43 F.3d 1244, 1247 (9th Cir. 1994); Newton v. Am. Debt Servs., Inc., — F. Supp. 2d —, 2012 WL 581318, at *15 (N.D. Cal. Feb 22, 2012). Given the multiple elements of unconscionability, the Court finds the agreement permeated by unconscionability, and declines to sever the unconscionable elements. Newton, 2012 WL 581318, at *15. Thus, the petition to compel arbitration is DENIED. The parties are ordered to appear on May 4, 2012 at 8:30 a.m. in Courtroom 6 for a case management conference.

**IT IS SO ORDERED.**

Dated: April 23, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE