**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 ARTURO SANCHEZ HERNANDEZ,       No. C 11-05532 CRB

12       Plaintiff,           **ORDER DENYING PETITION TO COMPEL ARBITRATION**

13   v.

14 KIMPTON HOTEL AND RESTAURANT
GROUP LLC, ET AL.,

15

16       Defendants.
      ————————————————————/

17

18      Defendants have petitioned to compel arbitration in this case.  Dkt. 20.  The Court

19 determines that "arbitration agreements are still subject to unconscionability analysis" after

20 the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740

21 (2011).  Kanbar v. O'Melveny & Meyers, — F. Supp. 2d —, 2011 WL 2940690, at *6 (N.D.

22 Cal. July 21, 2011).  In order for a court to refuse to enforce an arbitration agreement it must

23 have elements of both procedural and substantive unconscionability.  Armendariz v.

24 Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2000).  The Court finds the

25 agreement to be procedurally unconscionable.  See Kanbar, 2011 WL 2940690, at *7;

26 Laughlin v. VMware, Inc., No. 11-530, 2012 WL 298230, at *3 (N.D. Cal. Feb. 1, 2012).

27 The Court finds the provision of the agreement limiting the initiation of action to within one

28 year of the time the claim accrues, and the provision requiring each party to bear the costs of

its own representation to be clearly substantively unconscionable; and others, including the

provision regarding which party must bear what costs of the arbitration, the failure to attach

United States District Court
For the Northern District of California

1   the relevant rules and the confusion over which rules apply, and the issues regarding

2   mutuality, to be, at the very least ambiguous.  See, e.g., Circuit City Stores, Inc. v. Adams,

3   279 F.3d 889, 894-95 (9th Cir. 2002); Jackson v. S.A.W. Ent. Ltd., 629 F. Supp. 2d 1018,

4   1028-29 (N.D. Cal. 2009); Graham Oil Co. v. ARCO Prods. Co., 43 F.3d 1244, 1247 (9th

5   Cir. 1994); Newton v. Am. Debt Servs., Inc., — F. Supp. 2d —, 2012 WL 581318, at *15

6   (N.D. Cal. Feb 22, 2012).  Given the multiple elements of unconscionability, the Court finds

7   the agreement permeated by unconscionability, and declines to sever the unconscionable

8   elements.  Newton, 2012 WL 581318, at *15.  Thus, the petition to compel arbitration is

9   DENIED.  The parties are ordered to appear on May 4, 2012 at 8:30 a.m. in Courtroom 6 for

10  a case management conference.

11  **IT IS SO ORDERED.**

12

13

14  Dated: April 23, 2012                                    _____
                                                             CHARLES  R. BREYER
15                                                           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28